## PAUL R. KENDALL *vs.* OLIVER POWERS.

In an action against a magistrate for false imprisonment of the plaintiff in the house of correction, it appeared by the defendant's record, that the plaintiff was duly convicted before him of being a common drunkard, and was thereupon sentenced to said house ; that the plaintiff appealed from the sentence to the court of common pleas, and that upon his failure to procure sureties for the prosecution of his appeal, the defendant issued a mittimus pursuant to the sentence. *Held*, that the defendant could not be permitted to show by parol evidence, in justification of his proceeding, that the plaintiff, after failing to procure sureties, waived and withdrew his appeal.

THIS was an action of trespass for an alleged false imprisonment by a commitment of the plaintiff to the house of correction

in Worcester, and his being held there in custody, for thirty days, by virtue of a mittimus made and issued by the defendant as a justice of the peace.

At the trial before *Hubbard*, J. the plaintiff, to prove the illegality of his commitment and imprisonment, introduced the record of the case of the Commonwealth against him, on the complaint of one Cheney. From this record it appeared that a complaint was duly made to the defendant, as a justice of the peace, against the plaintiff as a common drunkard ; on which complaint a warrant was issued, and the plaintiff arrested, brought before the defendant, duly tried and convicted, and sentenced to the house of correction for the term of 30 days. No objection was made to the regularity of any of the preceedings previous to the issuing of the mittimus.

It appeared from the record, that the plaintiff claimed an appeal to the court of common pleas, and that, on his failing to find sureties to recognize for the prosecution of his appeal, a mittimus was issued, pursuant to the sentence. It was in evidence that the plaintiff attempted to find sureties, after the defendant entered judgment on the complaint, but was unable to find them.

The defendant offered to prove by parol evidence, that after the plaintiff found himself unable to procure sureties to prosecute his appeal, he waived and withdrew his appeal ; and the defendant contended that if the jury should be satisfied, by such evidence, that the appeal was waived and withdrawn, the issuing of the mittimus, pursuant to the sentence, was legal and proper, and that the plaintiff could not maintain his action. But the judge ruled, that the record proved conclusively that the issuing of the mittimus was illegal, as it was the duty of the defendant, under the Rev. Sts. *c*. 138, § 1, to commit the plaintiff to the common jail, until he should recognize with sureties to prosecute his appeal and abide the sentence of the appellate court ; and that the record could not be controlled by such parol evidence ; but that the evidence was admissible in mitigation of damages ; whereupon it was introduced and submitted to the jury for that purpose only. A verdict was found for the plaintiff, and the defendant moved for a new trial.

By the Rev. Sts. *c.* 138, § 1, " every person convicted be-
fore a justice of the peace, of any offence, in any county except
Suffolk, may appeal from the sentence to the court of common
pleas ; and such appellant shall be committed, to abide the
sentence of the said court, until he shall recognize, &c. with such
sureties as the justice shall require, with condition to appear at
the court appealed to, and there to prosecute his appeal, and
abide the sentence of the court thereon."

*Washburn*, for the defendant.

*Wood*, for the plaintiff.

DEWEY, J. The defendant, at the trial, proposed to give
parol evidence in aid and explanation of the record which was
made by himself of the proceedings in the prosecution of the
plaintiff ; and he relied upon such evidence to justify the arrest
and commitment of the plaintiff.

The great leading principles which have been so long known
and recognized as marking the distinction between the different
degrees of evidence, and holding the weaker and more uncer-
tain to be incompetent, when a higher degree of evidence is
shown to exist, cannot be too strictly enforced. No principle
is more firmly established, than that which excludes oral testi-
mony, when offered to control, contradict or vary written evi
dence, especially that species of evidence, denominated rec-
ords. See *Sayles* v. *Briggs*, (*ante*, 421.)

By the Rev. Sts. *c.* 85, § 35, every justice of the peace
is required to " keep a record of all his judicial proceedings,
both in civil and criminal cases." This provision secures to all
concerned — to the parties, as well as the magistrate — the
benefit of this species of evidence, as to all the proceedings in
a cause. And we think the duty, imposed on the justice, to
keep a record, applies to every thing which is necessary to ex-
hibit fully the final disposition of the cause on his part. Having
this duty enjoined upon him, and consequently having the op-
portunity afforded to him of furnishing, by his own record, the
strongest case in his favor, which the truth will warrant ; we
think public policy, as well as the rules of law, forbid that a
justice of the peace should be allowed to introduce parol evi

dence to add to, or in any manner contradict, the record as made up by himself. The evidence offered at the trial was therefore properly rejected, it being proposed thereby to control the record.

No question was reserved as to the competency of the evidence for the purpose of mitigating damages, as was allowed by the presiding judge. And as the plaintiff is satisfied with the verdict, that point has not been considered by us.

*Judgment on the verdict.*